# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEONARD E. HADLEY, No. 2018-05850, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) ) |
| RICK WATSON, | ) ) |
| Defendant. | |

Case No. 18−cv−1865-SMY

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

*Pro se* Petitioner Leonard E. Hadley, a pretrial detainee being held in the St. Clair County Jail, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Hadley is being detained on a state criminal charge (failure to register as a sex offender) in Case No. 18-CF-1076. He challenges the constitutionality of his arrest, the charges lodged against him, and his continued confinement.

Because Hadley is being held pending trial, he does not appear to be "in custody pursuant to a judgment of a State court" within the meaning of § 2254. Accordingly, the Petition will be construed as having been brought pursuant to § 2241. *See Neville v. Cavanagh*, 611 F.2d 673, 674 (7th Cir. 1979) (in certain instances, federal courts have jurisdiction under 28 U.S.C. § 2241 to grant writ to pre-trial detainees in state custody).

## Discussion

Hadley was arrested for failure to register as a sex offender on September 28, 2018 (Doc. 1, pp. 6-7). The St. Clair County Court docket for Case No. 18-CF-1076 indicates that Hadley

was arraigned on October 5, 2018, and that his next court appearance is scheduled for December 11, 2018.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

Federal courts must abstain from interfering with pending state proceedings to enforce a state's criminal laws if the defendant has the opportunity to raise any possible federal claim in state court and no exceptional circumstances exist. *Olsson v. Curran*, 328 F. App'x. 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Exceptions exist for speedy trial and double jeopardy claims where, without immediate federal intervention, the challenge would become moot. *Sweeney*, 612 F.3d at 573. The Seventh Circuit has held that for state pretrial detainees, federal habeas corpus relief generally is available on these kinds of claims "only after the petitioner has exhausted his state court remedies." *Olsson*, 328 F. App'x. at 335 (affirming the dismissal of a petition where the petitioner had not exhausted his state court remedies or presented any exceptional circumstances to justify enjoining the state court proceeding); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489–92 (1973) (finding petitioner could raise his speedy trial claim where he sought trial on a three-year-old indictment, presented his federal constitutional claim in the state courts, and did not seek to forestall a state prosecution).

In the instant case, Petitioner Hadley is a pretrial detainee facing state criminal charges, there is no indication that he has exhausted his claims with the state court, and no exceptional

2

circumstances are raised in the Petition. Accordingly, federal intervention is not warranted, and the appropriate place for Hadley to raise any issues regarding his ongoing criminal proceeding is in the St. Clair County Circuit Court.

## Motion for Temporary Restraining Order

On November 16, 2018, Petitioner filed a motion seeking an emergency temporary injunction directing the State of Illinois to "halt any and all criminal proceedings brought against him." (Doc. 5). As previously discussed, the Court finds that federal intervention in Petitioner's ongoing criminal proceeding is inappropriate and the Petition will be dismissed without prejudice. Because the Court is dismissing the Petition, the Motion for a Temporary Restraining Order is **DENIED** as **MOOT.** That said, further discussion regarding Petitioner's allegations is warranted.

Hadley's motion raises alarming allegations. Specifically, Hadley claims that officials hired another detainee to attack him, and that he is not receiving appropriate medical care for the injuries resulting from the attack. (Doc. 5, pp. 1-2). If St. Clair County Jail officials actually instigated an assault against Hadley and/or are denying him medical care, he may have a claim in federal court against those officials under 42 U.S.C. § 1983 for deprivation of his constitutional rights. However, it would be inappropriate for the Court to recast his motion as a Complaint under the civil rights act. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997).

Accordingly, if Petitioner wishes to pursue these claims, he must file a separate civil rights action against the subject officials. Further, if Petitioner chooses to pursue these claims and requires immediate injunctive relief (such as medical care), he must file a motion for

injunctive relief pursuant to Federal Rule of Civil Procedure 65(a) or (b) in the newly opened civil rights action.

### Disposition

For the reasons stated herein, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice. The Court **DENIES** Petitioner's Motion to Appoint Special Process Server (Doc. 4) and Petitioner's Motion for a Temporary Restraining Order (Doc. 5) as **MOOT**.

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because no reasonable jurist would disagree with this Court's procedural ruling. *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir.2009) (certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241 when the custody is the result of a state court order).

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: November 19, 2018**

                                                        s/ STACI M. YANDLE
                                                       United States District Judge